37 MAP 2015
38 MAP 2015

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| CHAMBERSBURG BOROUGH, | : No. 948 MAL 2014 |
| | : |
| Respondent | : |
| | : |
| | : Petition for Allowance of Appeal from the |
| | : Order of the Commonwealth Court |
| v. | : |
| | : |
| | : |
| | : |
| PENNSYLVANIA LABOR RELATIONS BOARD, | : |
| | : |
| | : |
| Petitioner | : |
| INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 1813 | : |
| | : |
| | : |
| | : |
| | : |
| Intervenor | : |

| | |
|---|---|
| CHAMBERSBURG BOROUGH | : No. 15 MAL 2015 |
| | : |
| | : |
| | : |
| v. | : Petition for Allowance of Appeal from the |
| PENNSYLVANIA LABOR RELATIONS BOARD | : Order of the Commonwealth Court |
| | : |
| | : |
| | : |
| INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 1813 | : |
| | : |
| Intervenor | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| PETITION OF: | : |
| INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 1813 | : |
| | : |
| Intervenor | : |

CHAMBERSBURG BOROUGH,    : No. 949 MAL 2014
:
        Respondent    :
:
      : Petition for Allowance of Appeal from the
      : Order of the Commonwealth Court
        v.    :
:
:
PENNSYLVANIA LABOR RELATIONS   :
BOARD,    :
:
        Petitioner    :
:
INTERNATIONAL ASSOCIATION OF   :
FIRE FIGHTERS, LOCAL 1813   :
:
        Intervenor    :


CHAMBERSBURG BOROUGH    : No. 16 MAL 2015
:
:
:
        v.    : Petition for Allowance of Appeal from the
PENNSYLVANIA LABOR    : Order of the Commonwealth Court
RELATIONS BOARD    :
:
:
:
INTERNATIONAL ASSOCIATION   :
OF FIRE FIGHTERS, LOCAL 1813   :
:
        Intervenor    :
:
:
:
:
:
PETITION OF:    :
INTERNATIONAL ASSOCIATION OF   :
FIRE FIGHTERS, LOCAL 1813   :
:
        Intervenor    :

## ORDER

**PER CURIAM**

      **AND NOW**, this 28th day of April, 2015, the Petitions for Allowance of Appeal is **GRANTED**. The issues, as stated by the Pennsylvania Labor Relations Board (PLRB) in the appeal at 948-49 MAL 2014, are:

(1)     Did the Commonwealth Court exceed the scope and standard of appellate review by ignoring binding Pennsylvania Supreme Court precedent and reversing a PLRB final order where the PLRB did not clearly err in holding under the existing terms of the PLRA, that absent a cessation of work by employes of a neutral employer, there must be threats, intimidation, force, coercion or sabotage to find a violation of Section 6(2)(D) of the PLRA?

(2)     Did the Commonwealth Court exceed the scope and standard of appellate review where the PLRB did not err as a matter of law in concluding that the Borough violated Section 6(1)(a) and (c) of the PLRA by disciplining the union president because of his non-threatening, non-coercive letter to IAFF members concerning a labor dispute?

The issues, as stated by International Association of Firefighters, Local 1813 in the appeal at 15-16 MAL 2015, are:

(3)     Did the Commonwealth Court err in reversing the Pennsylvania Labor Relations Board's final order by failing to give the Board's interpretation of the PLRA controlling weight and thereby exceeding its standard of review?

(4)     Did the Commonwealth Court err in reversing the Pennsylvania Labor Relations Board's final order by failing to abide by prior, relevant precedent, overruling *sub silentia* a controlling decision of this Court, and effectively creating a new violation of the PLRA where this Court has determined one does not and cannot exist?

(5)     Did the Commonwealth Court err in reversing the Pennsylvania Labor Relations Board's final order when the Commonwealth Court erroneously concluded that the local [union] had violated Section 6(2)([D]) and therefore reversed the Board's decision that the Borough had violated Section 6(1)(a) and (c) of the PLRA?